IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AARON McKNIGHT, #18001-112,<br>　　　　Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:11-CV-0615-G (BK) |
| WARDEN CRUZ, et al.,<br>　　　　Defendants. | §<br>§<br>§ | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for pretrial management. For the reasons set out below, it is recommended that the complaint be dismissed with prejudice as frivolous.

## I. BACKGROUND

Plaintiff, a prisoner incarcerated within the Federal Bureau of Prisons (BOP) in Manchester, Kentucky, filed a *pro se* complaint asserting civil rights violations under 28 U.S.C. § 1331 and the doctrine in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). After granting Plaintiff's motion to proceed *in forma pauperis*, the United States District Court for the Eastern District of Kentucky dismissed all defendants except Warden Maureen Cruz and Lieutenant Leap, both of the Federal Correction Institution (FCI) in Seagoville, Texas, and then transferred the remainder of the case to this Court. (Doc. 6.) Subsequently, to obtain information about the factual basis of the remaining claims, this Court issued a questionnaire to Plaintiff.

According to Plaintiff's pleadings, on October 31, 2009, while confined at FCI

Seagoville, he was accused of using a telephone to engage in criminal activity. (Doc. 2 at 2.) The same day, Lieutenant Leap confined Plaintiff in the Special Housing Unit (the "SHU") "for refusing to inform on other inmates" and called his mother verbally harassing her and threatening to send her to jail. (Doc. 2 at 2.) After five months of solitary confinement in the SHU, Plaintiff was "given a 'higher security'" transfer to a medium security facility. (*Id.*) Prior to his transfer, however, Plaintiff was found to have committed the telephone violation, a 100-series BOP charge, and denied eligibility in the Residential Drug and Alcohol Program ("RDAP") and the possibility of release a year early. (*Id.* at 3.) Although Plaintiff did not receive a copy of the Disciplinary Hearing Officer's (DHO's) report until after his transfer to the medium security facility, he successfully challenged the disciplinary conviction on appeal, and in January 2010, the 100-series Incident Report was "dismissed/ordered expunged" from his BOP central file. (*Id.*)

In this action, Plaintiff sues Warden Cruz and Lieutenant Leap for their actions and inactions stemming from the above disciplinary charge and his placement in the SHU. He requests monetary damages.[1]

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant

---

[1] Plaintiff also requests an "investigation" of Lieutenant Leap and others. Such a request, however, is not cognizable in this civil rights action.

who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, the claims against Warden Cruz and Lieutenant Leap are frivolous.

A.  Warden Cruz

In answer to the questionnaire, Plaintiff alleges Warden Cruz failed to investigate Lieutenant Leap's conduct, although she "was well aware of . . . [his] actions." (Doc. 12, Answer (Ans.) 4-6.) According to Plaintiff, Warden Cruz refused to answer his administrative remedy requests (or BP-9s), which implored her to review the false disciplinary charges against him. (*Id.*, Ans. 5.) In addition, he asserts Warden Cruz permitted FCI Seagoville staff to deny him a copy of the DHO's report until after he was transferred to a medium security facility, thus delaying his appeal. (*Id.*)

An alleged failure to investigate does not rise to a colorable constitutional violation. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (*per curiam*) (prisoner did not have liberty interest, of kind protected by Due Process Clause, in having grievance against mail room and security staff of prison, for allegedly withholding and ultimately losing some of his mail, resolved to his satisfaction). Even construing the complaint to allege a due process violation, Plaintiff fails to identify a federally protected liberty interest in having Warden Cruz investigate the alleged false disciplinary charge and having the issues resolved to his satisfaction. *See*

*Swarthout v. Cooke*, ___ U.S. ___, 131 S. Ct. 859, 861 (2011) (identifying protected liberty or property interest is integral to raising a claim under the Due Process Clause). "[A] prisoner has a liberty interest only in 'freedom[s] from restraint ... impos[ing] *atypical* and significant hardship on the inmate in relation to the ordinary incidents of prison life.' " *Orellana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995) (*per curiam*) (quoting *Sandin v. Conner,* 515 U.S. 472, 484 (1995)). Because Plaintiff relies on a legally-nonexistent interest, any alleged due process violation arising from the alleged failure to investigate is indisputably meritless.

Likewise, Plaintiff's complaint that he did not receive a copy of the DHO's report until after he was transferred to a medium security facility does not raise a colorable constitutional violation. Due process does not require the delivery of the DHO's report to an inmate within a particular time frame. *See Wolff v. McDonnell*, 418 U.S. 539, 564-70 (1974).[2] To the extent Plaintiff claims the delay in receiving a copy of the DHO's report constituted a violation of BOP policy, "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *see also Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (mere failure of prison officials to comply with their own regulation is not a constitutional violation). Moreover, Plaintiff concedes that the BOP provided him with an opportunity to appeal the DHO's decision, after he received a copy of the same, and that he successfully appealed, resulting in the dismissal and expungement of the charge from his prison record.

---

[2] BOP's regulations only recommend that an inmate receive a written copy of the DHO's report within ten days. *See* 28 C.F.R. § 541.17(g).

Accordingly, Plaintiff's claims against Warden Cruz lack an arguable basis in law and should be dismissed as frivolous.

B. <u>Lieutenant Leap</u>

Likewise, Plaintiff's filings fail to raise a constitutional claim against Lieutenant Leap. Plaintiff merely alleges that while he was in the SHU, Lieutenant Leap accused him of violating "the sending money rule." (Doc. 12, Ans. 7.) Plaintiff's answers to the questionnaire do not expound on the conclusory allegations in the complaint that Lieutenant Leap confined him in the SHU "for refusing to inform on other inmates." (Doc. 2 at 2; Doc. 12, Ans. 7.) Even assuming Plaintiff seeks to raise a retaliation claim against Lieutenant Leap (as liberally construed by the United States District Court for the Eastern District of Kentucky), his allegations are conclusory at best. *See Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003) (to state a claim for retaliation, a litigant "must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation"). Plaintiff merely complains that Lieutenant Leap placed him in the SHU on the basis of the allegedly false charges, and fails to provide a chronology of events from which this Court could plausibly infer that Leap intended to retaliate against him. (Doc. 12, Ans. 7.)

To the extent Plaintiff asserts that his five-month confinement in the SHU was unconstitutional and that the reasons given for his placement in the SHU were "false," his claims fare no better. Even if Lieutenant Leap violated BOP's regulations governing confinement in the SHU, Plaintiff cannot raise a due process claim based on his placement there. In the absence of extraordinary circumstances, administrative segregation does not impose an atypical and significant hardship required to trigger the protections of the Due Process Clause. *See*

*Hernandez v. Velasquez,* 522 F.3d 556, 562-64 (5th Cir. 2008) (*per curiam*) (collecting cases). Here, none of Plaintiff's filings allege extraordinary circumstances in connection with his placement in the SHU. *Cf. Wilkinson v. Austin,* 545 U.S. 209, 214 (2005) (state inmates had liberty interest protected by Fourteenth Amendment's Due Process Clause in avoiding assignment to state's supermax prison, as such assignment imposed an atypical and significant hardship on an inmate in relation to ordinary incidents of prison life). Nor do Plaintiff's pleadings assert a violation under the Eighth Amendment. Neither the complaint nor the answers to the questionnaire allege cruel and unusual punishment stemming from the conditions of confinement in the SHU. *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994).

Lastly, Plaintiff asserts that Lieutenant Leap called his mother and verbally harassed her and threatened to send her to jail. (Doc. 2 at 2.) Plaintiff cannot sue Lieutenant Leap on behalf of his mother for verbal abuse and harassment. Even assuming a claim on Plaintiff's own behalf, mere verbal abuse or harassment by a prison guard does not amount to a constitutional violation. *See Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993)).

Therefore, Plaintiff's claims against Lieutenant Leap lack an arguable basis in law and should be dismissed as frivolous.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** with prejudice as frivolous the remaining claims alleged in Plaintiff's complaint. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). This dismissal will count as a "strike" or "prior occasion" within

the meaning 28 U.S.C. § 1915(g).[3]

SIGNED July 12, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.